**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

FAITH TECHNOLOGIES, INC., et al., )
)
      Plaintiffs, ) **CIVIL ACTION**
)
v. ) No. 10-2375-MLB
)
FIDELITY & DEPOSIT COMPANY OF )
MARYLAND, et al., )
)
      Defendants. )
                )

**MEMORANDUM AND ORDER**

Before the court are the following:

1) Plaintiff Lithko Contracting, Inc.'s ("Lithko") motion for partial summary judgment (Doc. 73) and memorandum in support (Doc. 74). Defendant Fidelity & Deposit Company of Maryland's ("F&D") response (Doc. 131) and Lithko's reply (Doc. 154).[1]

---

[1] Substantial portions of Lithko and ARR's joint reply (Doc. 154) deal with the legislative history of K.S.A. 16-1803. As a result, F&D and Brown have sought leave to file a surreply (Doc. 160). D. Kan. Rule 7.1 covers motions in civil cases. Subsections (a) and (c) together provide for a motion, a response and a reply. There is no provision for a surreply and for good reason. The purpose of a motion, response and reply is self-evident. The movant advances its position, the non-movant responds and, <u>if necessary</u>, the movant (which carries the burden of going forward) gets the opportunity to reply to arguments made in the response. The purpose of the reply is not to allow the movant to raise arguments or cite authority which either could have been or should have been raised in the original motion. If the court permits a surreply, then it cannot refuse a "surresponse." At some point, the round-robin must end.
 Here, both Lithko and ARR discussed K.S.A. 16-1803(c) in their essentially-identical initial motions. F&D did not cite to legislative history in its nearly-identical responses.
 Neither Lithko nor ARR have explained why they did not refer to legislative history in their original motions. Accordingly, the court has not considered the arguments regarding legislative history and the motion to file a surreply (Doc. 160) is moot. <u>See</u> <u>Glad v. Thomas</u>

> 2) Plaintiff ARR Roofing, LLC's ("ARR") motion for partial summary judgment (Doc. 116) and memorandum in support (Doc. 117). F&D's and Brown Commercial Construction Company ("Brown") responses (Docs. 148, 149) and AAR's reply (Doc. 154).

The court does not find that oral argument on the matter is necessary and is able to rule on the written submissions by the parties. Therefore, F&D and Brown's request for oral argument (Doc. 161) is denied. For the reasons stated herein, Lithko's and ARR's motions are denied.

**I. SUMMARY JUDGMENT STANDARD**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim. <u>Adamson v. Multi Community Diversified Svcs., Inc.</u>, 514 F.3d 1136, 1145 (10th Cir. 2008). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether,

---

<u>County Nat. Bank</u>, No. 87-1299-C, 1990 WL 171068, *2 (D. Kan. Oct. 10, 1990).

in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**II. FACTS**

The following facts are uncontroverted or, if controverted, taken in the light most favorable, along with all favorable inferences, to plaintiffs. See Hall v. United Parcel Serv., No. Civ. A. 992467-CM, 2000 WL 1114841, at *5 (D. Kan. July 31, 2000) (citing Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998)). To the extent relevant, the factual disagreements between the parties will be noted.

Corbin Park, L.P. (the "owner") is the fee simple owner of real property (the "project") located at 135th and Metcalf in Overland Park, Kansas. Bank of America ("BOA") was the owner's construction lender for the project.

The owner hired Brown as the general contractor for construction on the project. F&D issued payment and performance bonds for the project on behalf of Brown as principal and the owner as owner/obligee.

Lithko and ARR are subcontractors that worked on the project. The parties have stipulated that Lithko and ARR submitted payment applications to Brown in the amounts of $81,228.60 and $464,761.55, respectively, for work, which includes retainage, performed on the

project.[2]  The parties have furthered stipulated that Brown has not received payment for Lithko's and ARR's payment applications from the owner.[3]  (Doc. 176 at 3-4).

Lithko and ARR have made claims against the payment bond issued by F&D for the project.  However, Brown and F&D claim that they are not responsible to pay Lithko and ARR because Brown has not been paid by the owner.  The parties agree that the sole issue for the court to decide on summary judgment "is whether or not F&D's legal defense based on the conditional payment provisions in the subcontracts ... is valid under Kansas law."  (Doc. 74 at 4).

**III. ANALYSIS**

### 1. Applicable Law

The court has subject matter jurisdiction based on diversity of citizenship. The subcontract states that "[t]he law of the state in which the Project is located shall govern" the subcontract. (Doc. 131-3 at 10, art. 23).  Therefore, the court "must look to the forum state's choice-of-law rules to determine the effect of a contractual choice-of-law clause." MidAmerica Construction Management, Inc. v. MasTec North America, Inc., 436 F.3d 1257, 1260 (10th Cir. 2006).

"Kansas is the forum state and, as to contract-based claims, Kansas choice of law rules honor an effective choice of law by contracting parties." TH Agriculture & Nutrition, L.L.C. v. Ace European Group Ltd., 416 F. Supp. 2d 1054, 1075 (D. Kan. 2006).

---

[2] On December 6, 2010, the court ordered limited discovery on the discrete issue of what, if any, payments had been remitted to Brown from the owner for work done by each subcontractor. (Doc. 170 at 2).

[3] On August 6, 2009, the project was shut down due to lack of funding by the owner's lender, BOA.

-4-

Furthermore, the contact was entered into and the project is located in Kansas and the parties' briefing applies Kansas law to the issues. Therefore, Kansas law applies and no party contends otherwise.

**2. "Pay-if-Paid" Condition**

In <u>MidAmerica</u>, the Tenth Circuit distinguished between a "paid-when-paid" clause and a "paid-if-paid" clause.

> A typical "pay-when-paid" clause might read: "Contractor shall pay subcontractor within seven days of contractor's receipt of payment from the owner." Under such a provision in a construction subcontract, a contractor's obligation to pay the subcontractor is triggered upon receipt of payment from the owner. Most courts hold that this type of clause at least means that the contractor's obligation to make payment is suspended for a reasonable amount of time for the contractor to receive payment from the owner. The theory is that a "pay-when-paid" clause creates a timing mechanism only. Such a clause does not create a condition precedent to the obligation to ever make payment, and it does not expressly shift the risk of the owner's nonpayment to the subcontractor....
>
> A typical "pay-if-paid" clause might read: "Contractor's receipt of payment from the owner is a condition precedent to contractor's obligation to make payment to the subcontractor; the subcontractor expressly assumes the risk of the owner's nonpayment and the subcontract price includes this risk." Under a "pay-if-paid" provision in a construction contract, receipt of payment by the contractor from the owner is an express condition precedent to the contractor's obligation to pay the subcontractor. A "pay-if-paid" provision in a construction subcontract is meant to shift the risk of the owner's nonpayment under the subcontract from the contractor to the subcontractor. In many jurisdictions, courts will enforce a "pay-if-paid" provision only if that language is clear and unequivocal. Judges generally will find that a "pay-if-paid" provision does not create a condition precedent, but rather a reasonable timing provision, where the "pay-if-paid" provision is ambiguous.

<u>Id.</u> at 1261-62.

In this case, the subcontract provides in pertinent part:

> ARTICLE 4 - PAYMENT.
>
>    \*     \*     \*

>    C. Payment by Owner, or other responsible party, to
> the Contractor shall be a condition precedent to the
> obligation of the Contractor to pay Subcontractor for any
> work, claim or damage.
>
>                *           *           *
>
>    F. The final payment shall be made to the
> Subcontractor within 30 days of receipt of final payment on
> the entire project from the Owner, or other responsible
> party. Final retention payment from the Owner, or other
> responsible party, to the contractor shall be a condition
> precedent to the obligation of the Contractor to pay
> Subcontractor's portion of the final retention.
>
>                *           *           *
>
>    ARTICLE 15 – TERMINATION. If Owner, with or without
> cause, shall terminate the Prime Contract or shall stop or
> suspend work under the Prime Contract, or if the Owner
> shall fail to pay when due any sum payable under the Prime
> Contract, Contractor may order Subcontractor to stop or
> suspend Subcontract Work, and Contractor shall be liable
> to Subcontractor for any such stoppage or suspension only
> if and to the extent that Owner shall be liable to
> Contractor therefore. From funds paid by Owner to
> Contractor for the Subcontractor Work, Contractor will pay
> to Subcontractor the value of Subcontract Work completed
> before the Work was stopped or suspended, but only if and
> to the extent that Owner shall have paid Contractor for
> such Subcontract Work.

(Doc. 131-3).

Plaintiffs cite <u>Shelley Elec., Inc. v. U. S. Fidelity & Guar. Co.</u>, No. 92-1226-K, 1992 WL 319654 (D. Kan. Oct. 16, 1992) in support of their position. <u>Shelley</u> is unpersuasive because the facts in that case involved a "pay-when-paid" clause as opposed to a "pay-if-paid" clause. <u>Id.</u> at 2. The court in <u>Shelley</u> held that the contract did not establish a condition precedent.

The court finds that the parties contracted for Brown to be actually paid by the owner, or responsible party, as a condition precedent to paying the subcontractors. Article 4, section C does not

contain "until" or "within," which would make this provision more of a "pay-when-paid" clause. Section C expressly states that payment by the Owner to Brown is a condition precedent[4] to Brown's liability for payment to the subcontractors. The language is not ambiguous and confirms the parties' intent to shift the risk of non-payment from Brown to the subcontractors. See MidAmerica Construction Management, 436 F.3d at 1265 (citing Richard A. Lord, 8 Williston on Contracts § 19:58 (2004) and stating that "the general weight and trend of authority holds that enforceable 'pay-if-paid' clauses may be created in contracts for private-sector construction projects by using language clearly indicating the intent to create a condition precedent[]").

### 3. Kansas Law

Some states have enacted statutory prohibitions against "pay-if-paid" clauses. "[T]ypically [these] take one of two forms: an antiwaiver provision in a state's mechanic's lien statute, or an outright ban on conditional payment provisions. Some legislatures also restrict the application of 'pay-if-paid' clauses in order to permit subcontractors to pursue bond claims or lien actions." MidAmerica Construction Management, 436 F.3d at 1261, n. 3.

Kansas' Fairness in Private Construction Contract Act has not declared payment to a subcontractor contingent upon receipt of payment from a private party to be against public policy. K.S.A. 16-1803(b)

---

[4] "Conditions precedent to an obligation to perform are those acts or events, which occur subsequently to the making of the contract, that must occur before there is a right to immediate performance and before there is a breach of contractual duty." MidAmerica Construction Management, 436 F.3d at 1262.

(emphasis added). Subsection (c) provides in pertinent part:

> c) Any provision in a contract for private construction providing that a payment from a contractor or subcontractor to a subcontractor is contingent or conditioned upon receipt of a payment from any other private party, including a private owner, is no defense to a claim to enforce a mechanic's lien or bond to secure payment of claims pursuant to the provisions of article 11 of chapter 60 of the Kansas Statutes Annotated, and amendments thereto.

Lithko and ARR contend that K.S.A. 16-1803(c) applies to three types of bonds: public works bonds, release of lien bonds, and private bonds. Defendants disagree and argue that K.S.A. 16-1803(c) does not apply to private bonds. The court agrees with defendants.

The express language of K.S.A. 16-1803(c) lists mechanic's liens and bonds provided for in K.S.A. 60-1110, a bond to secure payment of claims, and 60-1111, a public works bond.

K.S.A. 60-1110 provides:

> The contractor or owner may execute a bond to the state of Kansas for the use of all persons in whose favor liens might accrue by virtue of this act, conditioned for the payment of all claims which might be the basis of liens in a sum not less than the contract price, or to any person claiming a lien which is disputed by the owner or contractor, conditioned for the payment of such claim in the amount thereof. Any such bond shall have good and sufficient sureties, be approved by a judge of the district court and filed with the clerk of the district court. When bond is approved and filed, no lien for the labor, equipment, material or supplies under contract, or claim described or referred to in the bond shall attach under this act, and if when such bond is filed liens have already been filed, such liens are discharged. Suit may be brought on such bond by any person interested but no such suit shall name as defendant any person who is neither a principal or surety on such bond, nor contractually liable for the payment of the claim.

K.S.A. 60-1111 provides in pertinent part:

> (a) Bond by contractor. Except as provided in this section, whenever any public official, under the laws of the state, enters into contract in any sum exceeding $100,000 with any

-8-

> person or persons for the purpose of making any public improvements, or constructing any public building or making repairs on the same, such officer shall take, from the party contracted with, a bond to the state of Kansas with good and sufficient sureties in a sum not less than the sum total in the contract, conditioned that such contractor or the subcontractor of such contractor shall pay all indebtedness incurred for labor furnished, materials, equipment or supplies, used or consumed in connection with or in or about the construction of such public building or in making such public improvements.

Contrary to Lithko and ARR's position, the statutory language of K.S.A. 16-1803(c) and Article 11 of chapter 60 does not provide for a payment bond used on private construction contracts.

The parties agree that a mechanic's lien is not in issue as well as a "release of lien" bond under K.S.A. 60-1110 or a "public works" bond under K.S.A. 60-1111.[5] (Doc. 154 at 17). Instead, the subcontract between Brown and Lithko and ARR detailed a performance bond and payment bond issued by F&D to Brown, which was required under the construction contract between the owner and Brown. These payment bonds are not "release of lien" or "public works" bonds. As such, K.S.A. 16-1803(c) is not applicable to bar the defense of a paid-if-paid clause in the parties' contracts. See generally, Christopher F. Burger, The Fairness in Private Construction Contract Act: Legislative Fairness or Oxymoron?, 75-May J. Kan. B.A. 22, 24 (2006) (noting that pay-if-paid clauses remain enforceable on breach of contract claims).

**4.   F&D's Assertion**

The bond agreement between Brown and F&D does not contain a "pay-if-paid" condition. Lithko and ARR claim that because they are suing under the bond agreement, as opposed to the subcontract, F&D may not

---

[5] "The mechanic's lien aspect of the case is presently being handled by the Bankruptcy Court." (Doc. 74 at 2).

assert the pay-if-paid condition precedent in the subcontract as a defense to their claims against the bond.  Defendants disagree and respond that a surety is liable to the extent of the principal's liability and may assert the same claims and defenses as the principal.

Kansas defines a surety as:

> "A surety is [defined as] one who becomes responsible for the debt, default or miscarriage of another; but in a narrower sense, a surety is a person who binds himself for the payment of a sum of money, or for the performance of something else, for another who is already bound for such payment or performance." SNML Corp. v. Bank, 41 N.C. App. 28, 36, 254 S.E.2d 274 (1979).
>
> "Every suretyship involves three parties: (a) the one for whose account the contract is made, whose debt or default is the subject of the transaction, and who is called the principal; (b) the one to whom the debt or obligation runs, the obligee in suretyship, called the creditor; and (c) the one who agrees that the debt or obligation running from the principal to the creditor shall be performed, and who undertakes on his own part to perform it if the principal does not, called the surety." Stearns, Law of Suretyship § 1.4 (5th ed. 1951).
>
> " 'The relation of suretyship grows out of the assumption of a liability at the request of another, and for his benefit.' 74 Am.Jur.2d, Suretyship § 7." Nicklin v. Harper, 18 Kan. App. 2d 760, 767, 860 P.2d 31, rev. denied 253 Kan. 860 (1993).

Hartford v. Tanner, 22 Kan. App. 2d 64, 70, 910 P.2d 872, 877 (Kan. Ct. App. 1996).  The surety contracts with the principal to perform its obligation.  "This direct liability to perform the principal's contract distinguishes a surety from a guarantor in that a guarantor answers only for the consequences of the defaults of the principal." Id.

Lithko and ARR cite Moore Bros. Co. v. Brown & Root, Inc., 207 F.3d 717, 721 (4th Cir. 2000) for support that the court can look to

the bond agreement and hold the surety liable even if the principal is not liable under the subcontract. However, plaintiffs do not cite any Tenth Circuit or Kansas law in support of their position and the court has found none through its own research.

There is Kansas authority that supports defendants' position that a surety is only liable to the extent the principal is liable. In U.S. ex rel. Davis Contracting, L.P. v. B.E.N. Const., Inc., No. 05-1219-MLB, 2007 WL 293915, *4 (D. Kan. Jan. 26, 2007), this court noted:

> Regarding a surety on a performance bond, the Tenth Circuit has stated: "Suretyship has generally been defined as 'a contractual relation resulting from an agreement whereby one person, the surety, engages to be answerable for the debt, default or miscarriage of another, the principal.' In the absence of special provisions in the contract, the liability of a surety on a performance bond is coextensive with that of its principal." Painters Local Union No. 171 v. Williams & Kelly, Inc., 605 F.2d 535, 539 (10th Cir. 1979) (internal citations omitted). Because of this, a surety could plead any defenses available to its principal but could not make a defense that could not be made by its principal.

The court finds that F&D, as Brown's surety, may assert the pay-if-paid condition precedent as a defense in the same manner as Brown as the principal can. Therefore, Lithko's and ARR's partial motions for summary judgment are denied.

### IV. CONCLUSION

The court finds that Brown's legal defense under the paid-if-paid clause in the subcontracts is valid under Kansas law. The court further finds that F&D as Brown's surety can assert the defense. Lithko's and ARR's motions for partial summary judgment (Docs. 73, 116) are denied. The request for oral argument (Doc. 161) is denied. Motions to join (Docs. 158, 159, 162) are granted.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this  26th  day of January 2011, at Wichita, Kansas.

                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE