**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

FAITH TECHNOLOGIES, INC., et al., )
)
                  Plaintiffs, ) **CIVIL ACTION**
)
v. ) No. 10-2375-MLB
)
THE FIDELITY & DEPOSIT )
COMPANY OF MARYLAND, )
)
                  Defendant. )
)

## MEMORANDUM AND ORDER

Before the court are the following:

1. Bank of America's (BofA) petition in the District Court of Johnson County, Kansas, for approval and filing of payment bonds, subsequently removed to this court (Doc. 21-8);

2. Objections to BofA's motion for bond approval filed by Great Plains Roofing and Sheet Metal, Inc. (Doc. 5); by Industrial Sales Company, Inc. (Doc. 7); and by Fidelity and Deposit Company (F&D) (Doc. 10);

3. Entries of Appearance on behalf of BofA (Docs. 16, 17 and 25);

4. F&D's motion to strike entries of appearance of BofA's counsel and opposition to motion for approval and filing of bonds (Docs. 35 and 36);

5. BofA's response (Docs. 48 and 58);

6. BofA's reply (Docs. 59, 60 and 62);

7. Brown Commercial Construction Co., Inc.'s (Brown Construction) objection to BofA's motion for approval and filing of bonds (Doc. 76);

8. BofA's motion to file declaratory judgment or intervene (Doc. 87);

9. BofA's reply to F&D's motions to strike (Docs. 90 and 90);

10. Brown Construction's response to BofA's motion for leave to file (Doc. 126).

The court has reviewed the docket sheets and selected pleadings in the underlying bankruptcy case and adversary proceeding, case numbers 10-20014 and 10-0605 and other submissions, as noted.

## Procedural Background

The present procedural posture of this case is somewhat messy. As the court understands it, several parties in the adversary proceeding moved to sever and partially remand to the District Court of Johnson County, Kansas, the so-called "declaratory judgment claim against sureties." See, e.g., ARR Roofing's motion in the adversary proceeding (Doc. 8). Brown Construction opposed both the removal from the Johnson County court and any remand (adversary proceeding Doc. 19). As near as can be determined from reviewing the adversary proceeding docket sheet, neither BofA nor F&D filed any submission in connection with either the removal or the remand issues.

By his order of June 8, 2010, the bankruptcy judge in Kansas City, Kansas granted the motion for partial remand. The order does not discuss the arguments and authorities raised in the motions and response. It summarily recites that ". . . the declaratory judgment claims by any mechanic's lienholder or materialman, whether or not movants, against any surety shall and hereby are SEVERED and ordered for SEPARATE TRIAL pursuant to Fed. R. Civ. P. 4(b) and Fed. R. Bankr. 7042."

The partially remanded claims were returned to the District Court of Johnson County but they didn't stay there for long. But while they were under that court's jurisdiction, BofA filed, on June 21, 2010, a motion for approval and filing of two payment bonds, one issued by Merchants Bonding Company (Mutual) naming Ball Kelly, LLC d/b/a/

Taylor Kelly, LLC (the project's original contractor) for $6.2 million and a second issued by F&D naming Brown Construction for $20.9 million. Also attached to the motion was a performance bond issued by F&D, also for $20.9 million and another issued by Merchants Bonding for 6.2 million (Doc. 21-8). It is unclear whether BofA was then, or is now, seeking approval and filing of either or both performance bonds. Before the motion ripened in state court, F&D removed the case to this court on July 8, 2010.

## Pertinent Facts

Construction of the Corbin Park Shopping Center in Overland Park, Kansas, started in July 2007. Many subcontractors were involved in the project. In October 2008, BofA agreed to finance the project and documents were executed, including the F&D payment bond for $20.9 million which is the subject of the present dispute. The bond was signed on October 9, 2008. (Docs. 21-8 and 48-7).

Things apparently didn't go as planned at the project. BofA ceased funding the project in July 2009 and subcontractors started filing liens. On October 15, 2009, one of the subs, Heartland Masonry filed a mechanic's lien foreclosure suit against Corbin Park in Johnson County (Case No. 09-cv-0914). On January 5, 2010, Corbin Park filed for bankruptcy (Case No. 10-20014) which, based on the docket sheet is being actively litigated.[1] The adversary proceeding (Case No. 10-06056) was filed on March 31, 2010.

## The Parties' Positions

---

[1] Indeed, Brown Commercial Construction Company filed a motion in the bankruptcy case seeking an adjudication of contempt against BofA for filing the motions presently before this court. BofA responded (Docs. 48-1 and -2).

BofA essentially asks this court to do what it requested be done by the Johnson County court: determine whether the payment bonds are statutory bonds and, if so, to approve and file them to protect its interests as a lender on the project (Doc. 48 at 8 and 9, Doc. 58 at 4 and Doc. 87 at 10). BofA seeks this relief in two ways: first, by this court in effect granting its motion filed in the now-removed Johnson County case (Doc. 21-8) and/or by intervention and declaratory judgment in this case (Doc. 87). At bottom, BofA's position is that the F&D bonds are "statutory payment bonds" required by the terms of the Construction Loan Agreement of the type contemplated by KSA 60-1110, which provides:

> **Bond to secure payment of claims.** The contractor or owner may execute a bond to the state of Kansas for the use of all persons in whose favor liens might accrue by virtue of this act, conditioned for the payment of all claims which might be the basis of liens in a sum not less than the contract price, or to any person claiming a lien which is disputed by the owner or contractor, conditioned for the payment of such claim in the amount thereof. Any such bond shall have good and sufficient sureties, be approved by a judge of the district court and filed with the clerk of the district court. When bond is approved and filed, no lien for the labor, equipment, material or supplies under contract, or claim described or referred to in the bond shall attach under this act, and if when such bond is filed liens have already been filed, such liens are discharged. Suit may be brought on such bond by any person interested but no such suit shall name as defendant any person who is neither a principal or surety on such bond, nor contractually liable for the payment of the claim.

BofA argues that the bonds were a "condition precedent" to its loans and that it has standing, either as an assignee or a third party beneficiary, to have the bonds approved and filed (Doc. 48 at 9).

Arrayed against BofA are F&D, the surety on the October 2008

-4-

bond;[2] Brown Construction, the contractor; and Great Plains and Industrial Sales, both of which filed mechanic's liens when Brown allegedly refused to pay them. Both, as well as other subs, now seek to proceed against F&D's payment bond. Their respective positions are very similar: BofA is not a contractor, owner or subcontractor and thus has no interest in the bonds and no standing to request that they be approved and filed nor any interest to be protected by the bonds.[3]

## Discussion

The parties' multiple and voluminous submissions raise several unanswered questions. When the bankruptcy judge issued his partial remand order, it is not clear whether BofA or F&D were parties in the adversary proceeding. If either were and had notice of the motions for partial remand, they did not respond before the remand order was entered. Thus it would seem that the bankruptcy judge was unaware of the positions they are taking now.

The relief sought by BofA initially seems to be simple and ministerial: approval and filing of the bonds. But it is unclear whether this court has authority to do so. KSA 60-1110 is a state statute and its specific reference to a "judge" and the "clerk of the district court" obviously contemplates a state judge and a state court. Just because the case has been removed to this court does not persuade the undersigned that he, a federal judge, has subject matter

---

[2]It is unclear whether Merchants Bonding Company (Mutual) has a position with respect to its bond(s).

[3]Brown also contends that BofA's motion violates the automatic stay entered by the bankruptcy case (Doc. 76 at 6) as well as other orders of the bankruptcy court. That is a matter for the bankruptcy court to determine, which doesn't appear to have happened.

-5-

jurisdiction to approve the bonds or that the clerk of this court can file them. No party has addressed this question.

The language of the statute raises additional questions. It states that a bond may be executed "to the state of Kansas." The court is uncertain what this language means in this, a private construction project case. Neither bond makes any reference to the state of Kansas. More important, it is clear that the approval and filing of the bonds, if done, may have effects of an undescribed nature on the issues which this court ultimately may have to decide (and, because the case has not been pretried, the court does not know what those issues may be). So, too, may the failure to do so. Furthermore, the court does not know whether this court's ruling regarding the bonds (Memorandum and Order of January 26, 2011 (Doc. 177)) has any bearing on the parties' positions.

Finally, and perhaps most important of all, it is unclear whether a ruling by this court, whatever it may be, will impact the bankruptcy proceeding and, if so, how. Indeed, it is not known whether the bankruptcy judge is even aware that the issues he partially remanded to state court in June 2010 have been removed to this court. The undersigned judge will not make a ruling which will impact the bankruptcy case unless he knows what it might be. He does not want to cause a problem which neither he nor the bankruptcy judge may be aware.

## Conclusion

This court will take the present submissions under advisement. On or before February 18, 2011, BofA shall file a brief regarding the aforesaid questions limited to 10 double-spaced pages. BofA also must

address why it apparently waited to seek approval and filing of the payment bonds, whether it is seeking relief with respect to the performance bonds and why the interests it is seeking to protect here cannot be raised and dealt with in the bankruptcy case.  Responses shall be filed on or before March 4, 2011.  Parties which intend to respond shall endeavor to file a joint response with the same page limit.  BofA may file a single reply limited to 5 pages on or before March 18, 2011.

The parties are urged to bring this order to the attention of the bankruptcy judge and to secure his input, if any, on the issues raised herein.

IT IS SO ORDERED.

Dated this ___3rd___ day of February 2011, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
