**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| FAITH TECHNOLOGIES, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 10-2375-KHV/JPO |
| ) | |
| THE FIDELITY & DEPOSIT COMPANY OF ) | |
| MARYLAND and BROWN COMMERCIAL ) | |
| CONSTRUCTION COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a convoluted record, in an odd procedural posture and

on Defendant's Motion To Strike The Entries Of Appearance By Desarae G. Harrah, Steven M. Leigh,

And Thomas James Fritzlen And Memorandum In Support (Doc. #35) filed July 28, 2010, Defendant's

Motion To Strike Bank Of America, N.A.'s Motion For Approval And Filing Of Payment Bond And

Memorandum In Support (Doc. #36) filed July 28, 2010 and Bank Of America, N.A.'s Motion For

Leave To File Declaratory Judgment Claim Or, In The Alternative, To Intervene (Doc. #87) filed August

23, 2010.[1] All three motions now before the Court pertain to two basic questions: (1) whether Bank of

America ("BOA") is a party to this suit and if not, whether it may intervene and (2) whether the Court

has the power to do what BOA asks – to approve and file the bond in question as a statutory bond under

K.S.A. § 60-1110 – and if so, whether the bond complies with the statute. Also before the Court are the

parties' responses to the Memorandum And Order (Doc. #181) which District Judge Monti L. Belot

---

[1]        On March 17, 2011, plaintiffs filed a Request For Oral Argument (Doc. #194) with
respect to these and other pending motions. The Court overrules plaintiffs' request pursuant to D. Kan.
Rule 7.2, which provides that the "court ordinarily will resolve motions on the parties' written briefs
or memoranda."

entered February 3, 2011.[2]  For the reasons stated below, the Court sustains the motions by The Fidelity

& Deposit Company of Maryland ("F&D") and overrules BOA's motion.

**Facts**

The parties have repeatedly recited the relevant factual and procedural history and Judge Belot

summarized the same in a recent Memorandum And Order (Doc. #181) filed February 3, 2011.

Therefore the Court only briefly recaps the pertinent facts and procedural posture.

Albeit circuitously, this case arose from a shopping center development project gone bad.  The

development, known as the Corbin Park Shopping Center, is on the southeast corner of 135th Street and

Metcalf Avenue in Overland Park, Kansas.

Brown Commercial Construction Company, Inc. ("Brown") was the general contractor on the

project.  Plaintiffs are subcontractors, sub-subcontractors and suppliers who hold liens against Corbin

Park property for unpaid work.  On behalf of Brown, F&D issued payment and performance bonds for

the Corbin Park project.  In October of 2008, BOA contracted with Corbin Park to fund the project.  It

stopped funding in July of 2009, before the project was completed.  On January 5, 2010, Corbin Park,

L.P., which owns the property, filed for bankruptcy.  The parties to this suit are actively engaged in the

bankruptcy proceedings.  See In re Corbin Park, L.P., Ch. 11 Case No. 10-20014, Adversary Proc. No.

10-6056 (Bankr. D. Kan.).

---

[2]     Judge Belot's Memorandum And Order included a schedule for briefing additional issues which he raised.  It permitted BOA to file a brief on or before February, 18, 2011; required the parties  to respond on or before March 4, 2011; and allowed BOA to file a reply on or before March 18, 2011.  On March 18, 2011, subcontractor plaintiffs filed Subcontractors' Reply To BOA's Response To The Court's February 3, 2011 Memorandum And Order And Defendants' Joint Memorandum In Response To BOA's Response To The Court's February 2, 2011 Memorandum And Order (Doc. #200).  The subcontractors' reply was filed out of time without leave of Court, and does not affect the Court's decision.  The Court therefore does not consider it.

This litigation involves plaintiffs' claims against Brown as principal, and F&D as surety, for unpaid work on the shopping center. Specifically at issue is F&D payment bond number 08764243 issued on October 9, 2008 ("F&D bond"). BOA asserts that the F&D bond is a statutory or "release of lien" bond under K.S.A. § 60-1110.[3] If true, the bond would discharge plaintiffs' liens against the Corbin Park property and permit them to seek payment only under the F&D bond. The bond states that "[t]he intent is that this Bond shall be construed as a statutory bond and not as a common law bond." Doc. #44-1 at 2-3. Defendants, and some plaintiffs, assert that the F&D bond does not meet the requirements of Section 60-1110 and that it is a common law bond.

## Procedural History

On October 15, 2009, Heartland Masonry, Inc., one plaintiff in this case, filed suit in the District Court of Johnson County, Kansas, asserting various claims against Corbin Park, Brown and other defendants including BOA. See Heartland Masonry, Inc. v. Corbin Park, L.P., 09-CV-09412. On January 5, 2010, Corbin Park sought Chapter 11 bankruptcy protection in the United States Bankruptcy

---

[3]     Section 60-1110 provides as follows:

The contractor or owner may execute a bond to the state of Kansas for the use of all persons in whose favor liens might accrue by virtue of this act, conditioned for the payment of all claims which might be the basis of liens in a sum not less than the contract price, or to any person claiming a lien which is disputed by the owner or contractor, conditioned for the payment of such claim in the amount thereof. Any such bond shall have good and sufficient sureties, be approved by a judge of the district court and filed with the clerk of the district court. When bond is approved and filed, no lien for the labor, equipment, material or supplies under contract, or claim described or referred to in the bond shall attach under this act, and if when such bond is filed liens have already been filed, such liens are discharged. Suit may be brought on such bond by any person interested but no such suit shall name as defendant any person who is neither a principal or surety on such bond, nor contractually liable for the payment of the claim.

K.S.A. § 60-1110.

Court for the District of Kansas.  See In re: Corbin Park, L.P., Ch. 11 Case No. 10-20014, Adversary

Proc. No. 10-6056 (Bankr. D. Kan.).  On March 25, 2010, the District Court of Johnson County granted

a motion to add F&D as a defendant in the state action.  On March 30, 2010, several subcontractors

sought a declaratory judgment that F&D could not deny its bond claims based on conditional payment

– "pay-if-paid" – provisions in the subcontracts.  They argued that such provisions are void as against

public policy and violate K.S.A. § 16-1803(c).[4]  On March 31, 2010, Brown removed the state action

to the federal bankruptcy court in Kansas City, Kansas.[5]

The subcontractors subsequently moved the Bankruptcy Court to sever their bond claims against

F&D and remand them to state court.  On June 8, 2010, U.S. Bankruptcy Judge Robert D. Berger

granted their motions, ordering that "the declaratory judgment claims by any mechanic's lienholder or

materialman, whether or not movants, against any surety shall be and hereby are SEVERED and ordered

for SEPARATE TRIAL pursuant to Fed. R. Civ. P. 42(b) and Fed R. Bankr. P. 7042."  In re Corbin

Park, L.P., Adversary Proc. No. 10-06056 (Bankr. D. Kan.) (Doc. #34) filed June 8, 2010.  Judge Berger

---

[4]        Section 16-1803(c) provides as follows:

Any provision in a contract for private construction providing that a payment from a
contractor or subcontractor to a subcontractor is contingent or conditioned upon receipt
of a payment from any other private party, including a private owner, is no defense to
a claim to enforce a mechanic's lien or bond to secure payment of claims pursuant to
the provisions of article 11 of chapter 60 of the Kansas Statutes Annotated, and
amendments thereto.

K.S.A. § 16-1803(c).

[5]        Brown removed the state court action to the bankruptcy court under 28 U.S.C. §§ 1452,
1334 and 157.  Section 1452 permits removal of claims related to bankruptcy cases; Section 1334 gives
U.S. district courts jurisdiction over certain bankruptcy proceedings; and Section 157 defines the types
of cases which bankruptcy judges may hear.  Specifically, Section 157 provides that bankruptcy judges
may hear and determine all cases under Title 11 of the U.S. Code as well as any case "arising in or
related to" such a case.

further ordered that "the declaratory judgment claims severed herein shall be and hereby are REMANDED to the District Court of Johnson County, Kansas." Id. In the subsequent state court proceedings, BOA filed Bank Of America's Motion For Approval And Filing Of Payment Bonds (Doc. #21, ex. G), which plaintiffs have moved to strike and is one subject of this order.

On July 8, 2010, F&D removed the declaratory judgment action from state court to this Court on diversity grounds.[6]  On August 3, 2010, Magistrate Judge Kenneth G. Gale granted plaintiffs' unopposed motion to join Brown as a defendant.[7]  Doc. #43.  Defendants and numerous plaintiffs objected to BOA's motion for approval and filing of the F&D bond as a statutory bond under Section 60-1110. The parties' arguments against BOA's motion are two-fold: (1) BOA cannot bring the motion because it is not a party to the suit or the bond and (2) the bond does not meet the requirements of Section 60-1110.  On July 28, 2010, F&D filed the motions to strike which are now before the Court. F&D asks the Court to strike the entries of appearance by BOA counsel and BOA's motion for approval and filing of the F&D bond as a Section 60-1110 bond.  Presumably in response, BOA moved for leave to file its own claim seeking declaratory judgment approving and filing the F&D bond.  Alternatively, BOA moved to intervene to assert its claim.  This motion is now before the Court.[8]

---

   [6]     F&D removed the case under 28 U.S.C. §§ 1441 (general removal provision) and 1446 (general removal procedures) based on diversity jurisdiction.  See 28 U.S.C. § 1332(a).

   [7]     Judge Berger severed and remanded only claims against the surety – F&D.  See In re Corbin Park, L.P., Adversary Proc. No. 10-06056 (Bankr. D. Kan.) (Doc. #34).  Therefore Brown was not a party to the claims which Judge Berger severed and remanded.

   [8]     BOA has filed two motions which ask the Court to approve and file the F&D bond under Section 60-1110.  BOA filed the first motion in state court before the case was removed.  F&D asks the Court to strike this motion.  BOA filed the second motion in this Court, asking in the alternative to intervene.  See Doc. #87.  Defendants oppose this motion on various grounds.

**Legal Standards**

Rule 12(f), Fed. R. Civ. P., governs motions to strike. It provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking material from a pleading is a disfavored remedy, Nwakpuda v. Falley's, Inc., 14 F. Supp.2d 1213, 1215 (D. Kan. 1998), and the Court should decline to do so unless the allegations (1) have no possible relation to the controversy and (2) may prejudice one of the parties, Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp.2d 1022, 1029 (D. Kan. 2006). Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike. Nwakpuda, 14 F. Supp.2d at 1215. The purpose of Rule 12(f) is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial. Stubbs v. McDonald's Corp., 224 F.R.D. 668, 676 (D. Kan. 2004).

The Federal Rules of Civil Procedure create two ways for a party to intervene. Under Rule 24(a), Fed. R. Civ. P., a party may intervene as of right if (1) its application is timely; (2) it claims an interest relating to the property or transaction which is the subject of the action; (3) its interest may as a practical matter be impaired or impeded; and (4) its interest is not adequately represented by existing parties. See Fed. R. Civ. P. 24(a); WildEarth Guardians v. U.S. Forest Serv., 573 F.3d 992, 995 (10th Cir. 2009). Under Rule 24(b), the Court may permit a party to intervene when the applicant's claim shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b).

**Analysis**

As noted, two basic questions are now before the Court: (1) whether BOA is a party to this suit and if not, whether it may intervene and (2) whether the Court has jurisdiction to approve and file the F&D bond under Section 60-1110 and if so, whether the bond complies with the statute.

## I.    BOA As Party

### A.    BOA As Original Party

BOA was a defendant in the initial state court action and remained a defendant when Brown removed the case to the Bankruptcy Court. The question, however, is whether BOA was a party to the limited surety claims which the Bankruptcy Court severed and remanded. By definition, the surety claims are claims of lienholders (i.e. subcontractors, sub-subcontractors and suppliers – plaintiffs here) against the surety (F&D). BOA has not brought a claim against F&D, and it was not a party to the surety contract. Even if BOA is a third-party beneficiary of the surety contract, that does not make it a party to the lienholders' claims. BOA was not a party to the claims which the Bankruptcy Court severed and remanded. As a result, BOA was not a party to the state court case in which it first filed its motion to approve and file the F&D bond, and it is not a party to this case.

Under Rule 12(f), Fed. R. Civ. P., BOA's motion is immaterial because it is not a party to the case. Moreover, striking BOA's motion and the entries of appearance by its counsel clearly serves the purposes of Rule 23(f) by ending the delay and confusion that has resulted from BOA's attempt to insert itself into this action. The Court therefore sustains Defendant's Motion To Strike The Entries Of Appearance By Desarae G. Harrah, Steven M. Leigh, And Thomas James Fritzlen And Memorandum In Support (Doc. #35) and Defendant's Motion To Strike Bank Of America, N.A.'s Motion For Approval And Filing Of Payment Bond And Memorandum In Support (Doc. #36).[9] The Court therefore strikes its entry of appearance and purported motion for approval and filing of the F&D bond under Section 60-1110.

---

[9]    The Court takes notice of BOA filings in this case to the extent that BOA incorporated them by reference into its motion (Doc. #87), its response (Doc. #184) or its reply (Doc. #201) to the Court's Memorandum And Order (Doc. #181).

B.    BOA Motion To Intervene

Alternatively, BOA moves to intervene.[10] BOA seeks to intervene as of right under Rule 24(a),

Fed. R. Civ. P.  In the alternative, BOA seeks permissive intervention under Rule 24(b), Fed. R. Civ.

P.  Its purpose in intervening is to seek a declaratory judgment that approves the F&D bond and orders

it to be filed under Section 60-1110.

1.    Intervention As Of Right

Under Rule 24(a), a party may intervene as of right if (1) its application is timely; (2) it claims

an interest relating to the property or transaction which is the subject of the action; (3) its interest may

as a practical matter be impaired or impeded; and (4) its interest is not adequately represented by

existing parties.  See Fed. R. Civ. P. 24(a); WildEarth Guardians, 573 F.3d at 995.  The Tenth Circuit

has taken a "somewhat liberal line in allowing intervention."  Id. (quoting Utah Ass'n of Cntys. v.

Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001)).  The central concern is the practical effect of the

litigation on a direct, substantial and legally protectable interest of the applicant for intervention.

WildEarth Guardians, 573 F.3d at 995; Utah Ass'n of Cntys., 255 F.3d at 1251.

Defendants argue that BOA has no substantial legal interest in the F&D bond and has not shown

that plaintiffs will not adequately represent BOA's interests.  BOA asserts that it has an interest in the

F&D bond because it required the bond as a condition precedent to closing the loan to Corbin Park and

because F&D issued the bond to protect its interests as lender on the project.  The only interest which

BOA seeks to protect by intervening, however, is its interest in having the F&D bond approved and filed

---

[10]    BOA counsel need not file a formal entry of appearance to assert the motion to
intervene because they signed the BOA motion and the motion complies with D. Kan. Rule 5.1(c).
See D. Kan. Rule 5.1(d)(2); Lewis v. Kan. City Area Retail Food Store Emp. Pension Fund, No. 08-
2515-JWL, 2009 WL 539897, at *1 (D. Kan. March 4, 2009).

under Section 60-1110.

Section 60-1110 provides that when a statutory "bond is approved and filed, no lien for the labor, equipment, material or supplies under contract, or claim described or referred to in the bond shall attach under this act, and if when such bond is filed liens have already been filed, such liens are discharged." K.S.A. § 60-1110. In other words, approving and filing the F&D bond, as BOA requests, would discharge plaintiffs' liens against Corbin Park property; plaintiffs' sole remedy under the statute would be to sue Brown, F&D or both under the bond. See id. This is exactly what plaintiffs are doing – suing Brown and F&D on the bond for labor, materials and equipment furnished for use in the performance of Brown's Corbin Park construction contract. Plaintiffs' suit is therefore completely consistent with BOA's interest and will not impair or impede it. BOA is not entitled to intervene under Rule 24(a).

2.    Permissive Intervention

Under Rule 24(b), the Court may permit a party to intervene when the applicant's claim shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b). Permissive intervention is within the sound discretion of the Court. Arney v. Finney, 967 F.2d 418, 421 (10th Cir.1992). In deciding the motion, the Court considers (1) whether the application is timely; (2) whether the movant's claim and the underlying action share a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice adjudication of rights of the original parties. See Fed. R. Civ. P. 24(b); Kane Cnty., Utah v. United States, 597 F.3d 1129, 1135 (10th Cir. 2010).

Defendants argue that BOA does not have a claim that shares a common question of law or fact with plaintiffs' claims and that permitting BOA to intervene would unduly delay adjudication of the action. With respect to delay, even though BOA has never been a proper party to this suit, the issues presented in BOA's declaratory judgment claim have been present and actively litigated since June 21,

2010. Because the issue is ripe for decision, permitting BOA to intervene to assert its claim would not unduly delay adjudication of this action.

Second, whether the parties' claims share common questions of law or fact turns on the specific claims which plaintiffs and BOA raise. As already noted, plaintiffs assert bond claims against Brown as principal and F&D as surety. BOA seeks to intervene to ask the Court to approve and file the F&D bond under Section 60-1110. BOA does not identify any specific issues of law or fact which are common to its claims and those of the existing parties. It broadly asserts that the parties' claims necessarily share common issues because all the claims relate to the same bond. BOA does not assert that adjudication of plaintiffs' claims would have any effect, however, on the approval and filing of the F&D bond under Section 60-1110.

The Court notes that BOA's declaratory judgment claim and plaintiffs' claims on the bond do seem to be intertwined – approving and filing the bond under Section 60-1110 could affect plaintiffs' rights under the bond. See Memorandum And Order (Doc. #177); K.S.A. § 16-1803(c). This common issue – the status of the F&D bond – might ordinarily be sufficient to permit BOA to intervene.[11] Permissive intervention, however, requires the Court to possess independent jurisdiction over the intervenor's claim. Grace United Methodist Church v. City of Cheyenne, 451 F.3d 643, 673 (10th Cir. 2006). The Court therefore proceeds to examine its jurisdiction.

## II.    Jurisdiction To Approve And File F&D Bond Under Section 60-1110

Federal courts are courts of limited jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp. – 1985A v. Union Gas Sys., Inc.,

---

[11]    It is important to reiterate that the common issue to which the Court refers is the status of the F&D bond, i.e. whether or not it has been approved and filed under Section 60-1110 – not the substantive issues regarding the bond which the parties dispute.

929 F.2d 1519, 1521 (10th Cir. 1991)).  The law therefore imposes a presumption against jurisdiction.  Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  The Court may exercise jurisdiction only when specifically authorized to do so.  See Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994).  Movant, in this case BOA, bears the burden of showing that jurisdiction is proper, see Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995), and must demonstrate that the case should not be dismissed, see Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).  Mere conclusory allegations of jurisdiction are not enough.  United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

In addition, because BOA's claim is a request for declaratory judgment, special considerations apply.  BOA's claim for declaratory judgment is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA").  It provides that "[i]n a case of actual controversy," the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  Because the "case of actual controversy" provision incorporates the Article III "case" or "controversy" requirement, MedImmune v. Genentech, 549 U.S. 118, 126-27 (2007), the DJA is "procedural only," Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240 (1937), and "does not itself confer jurisdiction on a federal court where none otherwise exists," Henry v. Office of Thrift Supervision, 43 F.3d 507, 517 (10th Cir. 1994).

For a party seeking a declaratory judgment, the DJA imposes two hurdles.  First, plaintiff must assert "a case of actual controversy" within the jurisdiction of the presiding court.  Surefoot LC v. Sure Foot Corp., 531 F.3d 1236, 1240 (10th Cir. 2008); 28 U.S.C. § 2201(a).  Second, whether to issue a declaratory judgment is left entirely to the discretion of the district court.  See MedImmune, 549 U.S.

at 136; State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994).  District courts may

consider a number of case-specific factors, including whether a declaration (1) would settle the

controversy; (2) would serve a useful purpose in clarifying the legal relation at issue; (3) is being used

merely for purposes of procedural fencing or to provide an arena for a race to res judicata; and (4) would

increase friction between a federal and state court and improperly encroach upon state jurisdiction.

Mhoon, 31 F.3d at 983.  Courts also consider whether an alternative remedy is better or more effective.

Id.

       With respect to the first requirement, the Court has serious concerns whether BOA's claim

constitutes a case or controversy.  Judge Belot asked the parties to address this issue in supplemental

briefs.  In its brief, BOA argued that the Court has diversity jurisdiction over its bond-approval claim

because a dispute exists between BOA, Brown and ultimately F&D, regarding (1) whether the parties

intended the bond to be a Section 60-1110 bond, (2) whether the loan documents between Corbin Park

and BOA, and the contract between Corbin Park and Brown, required a statutory bond, and (3) whether

the F&D bond is in fact a statutory bond.[12]  The issues which BOA raises, however, distract from the

more basic question before the Court – whether a federal judge has jurisdiction to approve a Section 60-

1110 bond.  With respect to this question, BOA seems to concede that only a Kansas state district judge

may approve and file the bond under Section 60-1110.  See Doc. #184 at 5 ("Following a decision that

_____

       [12]      Defendants agree that the Court has diversity jurisdiction over BOA's declaratory
judgment claim, but argue that the clerk of this Court would not have authority to file the bond, even
if the Court approved it.  Defendants further argue that the Court already decided this question because
it noted that "[t]hese payment bonds are not 'release of lien' or 'public works' bonds" under
K.S.A. §§ 60-1110 and 60-1111 respectively.  Memorandum And Order (Doc. #177).  By this
statement, Judge Belot did not address the merits of whether the F&D bond qualified to be approved
as a Section 60-1110 bond or whether the court had the power to grant such approval; rather, his
statement seems to merely reflect the fact that at the time of the decision, the bond had not been so
approved and filed.

the bond is in fact a statutory bond, this remaining issue may ultimately be . . . appropriately filed in state court.").

BOA argues that a federal court nevertheless has diversity jurisdiction to determine whether the F&D bond complies with Section 60-1110, which is a prerequisite to state-court approval of the bond. This argument ignores the declaration that BOA requests – that the Court approve and file the F&D bond under Section 60-1110. It is important to reiterate this point. The Court does not address whether the F&D bond meets the requirements of Section 60-1110, but only whether the Court may approve – and order the Clerk to file – the F&D bond under Section 60-1110.[13] With respect to this basic jurisdictional question, the plain language of the statute, and the context in which it appears, seem to indicate that Section 60-1110 merely creates an administrative process – not a right of action that a federal court can adjudicate. Absent evidence or argument to the contrary, it appears that the Court lacks jurisdiction over BOA's claim and that BOA must seek its relief in state court.

Regardless, under any theory of jurisdiction, the Court would ultimately have to determine the meaning of the statute, which BOA does not directly address. As Judge Belot noted, "KSA 60-1110 is a state statute and its specific reference to a 'judge' and the 'clerk of the district court' obviously contemplates a state judge and a state court." Memorandum And Order (Doc. #181). Even if the Court had jurisdiction over BOA's claim, the statute seems inapposite because it only authorizes a Kansas district court judge to approve and a Kansas district court clerk to file a Section 60-1110 bond.

In any event, the Court would decline to grant BOA's request for declaratory judgment, and it therefore declines to allow BOA to intervene under 28 U.S.C. § 24(b). Specifically, issuing the

---

[13]     The Court first considers whether it has jurisdiction to issue the relief which BOA requests. Obviously, if the Court lacks jurisdiction to effectuate its decision, any decision whether the F&D bond satisfies Section 60-1110 would be an advisory opinion.

-13-

declaratory judgment which BOA requests would not settle the controversy and would improperly

encroach upon state jurisdiction. Moreover, BOA has a much better alternative – to ask a Kansas

district court judge to approve and a Kansas district court clerk to file the bond as the statute requires.[14]

Although settling the Section 60-1110 issue once and for all would certainly clarify the legal

relationships between all parties involved, the other factors far outweigh the benefit of defining the

relationships at issue in this case. The Court therefore overrules BOA's motion for permissive

intervention.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Strike The Entries Of

Appearance By Desarae G. Harrah, Steven M. Leigh, And Thomas James Fritzlen And Memorandum

In Support (Doc. #35) filed July 28, 2010 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant's Motion To Strike Bank Of America, N.A.'s

Motion For Approval And Filing Of Payment Bond And Memorandum In Support (Doc. #36) filed July

28, 2010 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Bank Of America, N.A.'s Motion For Leave To File

Declaratory Judgment Claim Or, In The Alternative, To Intervene (Doc. #87) filed August 23, 2010 be

and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiffs' Request For Oral Argument (Doc. #194) filed

March 17, 2011 be and hereby is **OVERRULED**.

---

[14]     BOA states that it cannot seek relief from any other court, but it provides no support
for this assertion. Section 60-1110 seems to indicate that any party with a qualifying bond can ask a
Kansas district court judge to approve and a Kansas district court clerk to file the bond.

Dated this 29th day of March, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge