## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FAITH TECHNOLOGIES, INC., et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | **No. 10-2375-KHV** |
| | ) | |
| THE FIDELITY & DEPOSIT COMPANY OF | ) | |
| MARYLAND and BROWN COMMERCIAL | ) | |
| CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This case arose from a defunct shopping center development project. Plaintiffs, which are subcontractors, sub-subcontractors and suppliers for the project, bring suit for unpaid work on the shopping center against Brown Commercial Construction Company, Inc. ("Brown") and The Fidelity & Deposit Company of Maryland ("F&D"). Brown was the general contractor on the project and F&D was the insurer which issued payment and performance bonds for the project.

This matter is before the Court on Defendants' Motion For Summary Judgment (Doc. #185) filed February 22, 2011; subcontractor plaintiffs' responses to defendants' motion for summary judgment, which the Court construes as motions to reconsider the Memorandum And Order (Doc. #177) filed January 26, 2011;[1] the Motion For Reconsideration Of Denial Of Summary Judgment Motions By

---

[1]      See Plaintiff McCorkendale Construction, Inc.'s Memorandum In Opposition To Defendants' Motion For Summary Judgment (Doc. #199) filed March 18, 2011; Plaintiff Tex-Plastering's Suggestions In Opposition To Defendants' Motion For Summary Judgment (Doc. #193) filed March 16, 2011; Plaintiff Tri-State Masonry's Suggestions In Opposition To Defendants' Motion For Summary Judgment (Doc. #192) filed March 15, 2011; Plaintiffs Heartland Masonry Inc.'s, Saladino Mechanical Company's, Arrowhead Services, Inc.'s, B&C Mechanical Services, LLC's, Wachter Electric Company's, Doing Steel Fabrication LLC's, ARR Roofing, LLC's, Faith

(continued...)

Lithko Contracting, Inc. And ARR Roofing, LLC (Doc. #191) which Lithko Contracting, Inc. ("Lithko") and ARR Roofing, LLC's ("ARR") filed March 15, 2011; and Defendants' Motion To Strike Plaintiffs Lithko Contracting, Inc. And ARR Roofing, LLC's Reply In Support Of Motion For Reconsideration (Doc. #209) (Doc. #210) filed April 12, 2011.

Based on the Memorandum And Order (Doc. #177) in which District Judge Monti L. Belot denied plaintiffs' motions for partial summary judgment, defendants ask the Court to grant summary judgment against the subcontractor plaintiffs.[2] Judge Belot's order held that K.S.A. § 60-16-1803(c) did not bar defendants from asserting a conditional payment provision in subcontractor plaintiffs' contracts with Brown as a defense to plaintiffs' claims against them. Plaintiffs ask the Court to overrule defendant's motion for two reasons: (1) the Court should reconsider Judge Belot's decision and (2) the record reveals a genuine issue of material fact may exist as to whether Brown has received payment from the owner of the shopping center, Corbin Park, L.P.

For the following reasons, the Court overrules defendants' motion to strike, overrules subcontractor plaintiffs' motions to reconsider and sustains in part defendants' motion for summary judgment.

---

[1](...continued)
Technologies, Inc.'s, Lithko Contracting, Inc.'s, Summit Concrete, LLC's And Central Plumbing, Heating & A/C, Inc.'s Memorandum In Opposition To Defendant's Motion For Summary Judgment (Doc. #189) filed March 14, 2011 at 10.

[2]    See Motion For Partial Summary Judgment By Lithko Contracting, Inc. (Doc. #73) filed August 17, 2010; Motion For Partial Summary Judgment By ARR Roofing, LLC (Doc. #116) filed September 1, 2010; Scheduling Order (Doc. #127) filed September 8, 2010 at 4 (all plaintiffs agree to joint Lithko and ARR motions for partial summary judgment).

**Legal Standards**

**I.      Motion To Reconsider**

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, while Rules 59 and 60, Fed. R. Civ. P., govern motions to reconsider dispositive orders.  D. Kan. Rule 7.3; <u>Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.</u>, 748 F. Supp.2d 1261, 1264 n.3 (D. Kan. 2010) (citing <u>Fye v. Okla. Corp. Com'n</u>, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008)).  Some uncertainty exists with respect to whether orders disposing of some but not all claims are dispositive or non-dispositive under D. Kan. Rule 7.3.  <u>A.H. ex rel. Hohe v. Knowledge Learning Corp.</u>, No. 09–2517–DJW, 2011 WL 2731757, at *2 n.12 (D. Kan. July 13, 2011) (noting disagreement whether to characterize partial summary judgment orders as dispositive or non-dispositive); <u>Coffeyville Res. Ref. & Mktg.</u>, 748 F. Supp.2d at 1264; <u>compare</u> <u>Johnson v. Simonton Bldg. Props., Inc.</u>, No. 08-2198, 2009 WL 902409, at *2 (D. Kan., Mar. 31, 2009) (order dispositive because it terminated some of plaintiff's claims) and <u>Seyler v. Burlington N. Santa Fe Corp.</u>, 121 F. Supp.2d 1352, 1355 (D. Kan. 2000) (order non-dispositive because it did not fully resolve case and could be challenged by timely motion under D. Kan. Rule 7.3(b)).

Here, however, plaintiffs ask the Court to reconsider an order which denied motions for partial summary judgment.  Plaintiffs argue that the order was "dispositive" because it ruled on dispositive motions – the Lithko and ARR motions for partial summary judgment.  Plaintiffs cite no authority, however, that an order which denies summary judgment, <u>i.e.</u> does not dispose of any claims, may be considered "dispositive" for purposes of D. Kan. Rule 7.3.  Therefore, D. Kan. Rule 7.3(b), which governs motions to reconsider non-dispositive orders provides the framework for analyzing plaintiffs'

motions.[3]

Under D. Kan. Rule 7.3(b), a party seeking reconsideration of a non-dispositive order must file a motion within 14 days after the order is filed, unless the Court extends the time. The motion must be based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3(b). A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence. Comeau v. Rupp, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp.2d 1130, 1132 (D. Kan. 2005). Whether to grant a motion to reconsider is left to the Court's discretion.

---

[3]     Even if the order was dispositive under D. Kan. Rule 7.3, the same standard would apply. Plaintiffs' motions to reconsider do not fall under Rule 59, Fed. R. Civ. P., which governs altering or amending a final judgment, or Rule 60, Fed. R. Civ. P., which provides grounds for relief from final orders or judgments. Both rules apply only to final orders and judgments that adjudicate all of the parties' remaining rights and liabilities. Coffeyville Res. Ref. & Mktg., 748 F. Supp.2d at 1264 n.3 (citing Fye, 516 F.3d at 1223 n.2; Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003)). Because the order was not a final judgment, plaintiffs' motions for reconsideration are considered interlocutory motions that invoke the Court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment; Rules 59 and 60, Fed. R. Civ. P., do not apply. Fye, 516 F.3d at 1224 n.2 (quoting Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)). The Court reviews such interlocutory orders, however labeled, under the standard set forth in D. Kan. Rule 7.3(b). Ferluga v. Eickhoff, 236 F.R.D. 546, 548-49 (D. Kan. 2006).

**II.     Summary Judgment**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving parties are entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993).  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."  Liberty Lobby, 477 U.S. at 248.  A "genuine" factual dispute requires more than a mere scintilla of evidence.  Id. at 252.

The moving parties bear the initial burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991).   Once the moving parties meet their burden, the burden shifts to the nonmoving parties to demonstrate that genuine issues remain for trial as to those dispositive matters for which they carries the burden of proof.  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  The nonmoving parties may not rest on their pleadings but must set forth specific facts.  Applied Genetics, 912 F.2d at 1241.

The Court views the record in the light most favorable to the nonmoving parties.  Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).  It may grant summary judgment if the nonmoving parties' evidence is merely colorable or is not significantly probative.  Liberty Lobby, 477 U.S. at 250-51.  In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in

the mere hope that something will turn up at trial.  Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  Liberty Lobby, 477 U.S. at 251-52.

If a nonmovant shows by affidavit or declaration, however, that for specified reasons it cannot present facts essential to justify its opposition to a motion for summary judgment, the Court may (1) defer considering the motion or deny it, (2) allow time to obtain affidavits or declarations or to take discovery or (3) issue any other appropriate order.  Fed. R. Civ. P. 56(d).

### Factual And Procedural History

The parties and the Court have repeatedly recited the relevant factual and procedural history of the case.  Memorandum And Order (Doc. #206) filed March 29, 2011; Memorandum And Order (Doc. #181) filed February 3, 2011.  Therefore the Court only briefly recaps the pertinent facts and procedural posture.

As noted above, this case arose from a shopping center development project that went bankrupt. The development, known as the Corbin Park Shopping Center, is on the southeast corner of 135th Street and Metcalf Avenue in Overland Park, Kansas.  Plaintiffs are subcontractors, sub-subcontractors and suppliers who hold liens for unpaid work against Corbin Park property.  Brown was the general contractor on the project and F&D was the insurer.  On behalf of Brown, F&D issued payment and performance bonds for the Corbin Park project.  In October of 2008, Bank of America ("BOA") contracted with Corbin Park to fund the project.  It stopped funding in July of 2009, before the project was completed.  On January 5, 2010, Corbin Park, L.P., which owns the property, filed for bankruptcy.

Defendants seek summary judgment against 19 subcontractor plaintiffs – ARR d/b/a Boone

Brothers Roofing; Aegis Fire Protection, LLC; Arrowhead Services, Inc.; B&C Mechanical Services, LLC; Central Plumbing Heating & A.C., Inc.; D&D Masonry, Inc.; Doing Steel Fabrication, LLC d/b/a Doing Steel; Faith Technologies, Inc.; Great Plains Roofing and Sheet Metal, Inc.; Heartland Masonry, Inc.; Landworks, Inc.; Lithko; McCorkendale Construction, Inc.; O'Donnell & Sons Construction Company, Inc.; Saladino Plumbing & Heating Company d/b/a Saladino Mechanical Company; Summit Concrete, LLC; Tex-Plastering, Inc.; Tri-State Masonry, Inc.; and Wachter Electric Company (together, "subcontractor plaintiffs").  Doc. #185.

The claims of the subcontractor plaintiffs are somewhat fractured – some of them have filed joint amended complaints while others have filed individual amended complaints.  Except for Landworks, Inc., all subcontractor plaintiffs bring claims under payment bond number 08764243 issued on October 9, 2008 (the "F&D bond") alleging that Brown and F&D have improperly failed or refused to pay them for work performed on the Corbin Park project.  Docs. #44, 47, 55, 56, 120.[4]  They also bring claims for declaratory judgment that the conditional payment provisions in their contracts with Brown are invalid, i.e. no defense.

In addition, Tri-State Masonry, Inc., Faith Technologies, Inc., Lithko and Summit Concrete, LLC assert claims for breach of contract against Brown.  Doc. #44, Count XV; Doc. #47, Counts I, IV, VII. These subcontractor plaintiffs allege that Brown breached their contracts by not paying for their work on the Corbin Park project.  Id.  Faith Technologies, Lithko and Summit Concrete also assert claims for quantum meruit, i.e. that allowing Brown to retain the benefit of their work would be inequitable. Doc. #47, Counts II, V, VIII.

---

[4]        Landworks, Inc. has not participated in the litigation since F&D removed the case to this Court.  It is unclear what claims, if any, Landworks asserts against defendants.

Throughout the litigation, Brown and F&D have asserted that based on conditional payment ("pay-if-paid") provisions in Brown's contracts with the subcontractors, they are not responsible for plaintiffs' claims.[5]  Plaintiffs have argued that the conditional payment provisions violate K.S.A. § 16-1803(c), which provides that pay-if-paid clauses are "no defense to a claim to enforce a mechanic's lien

---

[5]      Brown's contracts with each subcontractor plaintiff contain an identical pay-if-paid provision which states as follows:

ARTICLE 4 – PAYMENT

***

C.      Payment by Owner , or other responsible party, to the Contractor shall be a condition precedent to the obligation of the Contractor to pay Subcontractor for any work, claim or damage.

***

F.      The final payment shall be made to the Subcontractor within 30 days of receipt of final payment on the entire project from the Owner, or other responsible party.  Final retention payment from the Owner, or other responsible party, to the Contractor shall be a condition precedent to the obligation of the Contractor to pay Subcontractor's portion of the final retention.

***

ARTICLE 15 – TERMINATION.  If Owner, with or without cause, shall terminate the Prime Contract or shall stop or suspend work under the Prime Contract, or if the Owner shall fail to pay when due any sum payable under the Prime Contract, Contractor may order Subcontractor to stop or suspend Subcontract Work, and Contractor shall be liable to Subcontractor for any such stoppage or suspension only if and to the extent that Owner shall be liable to Contractor therefore.  From funds paid by Owner to Contractor for the Subcontractor Work, Contractor will pay to Subcontractor the value of Subcontract Work completed before the Work was stopped or suspended, but only if and to the extent that Owner shall have paid Contractor for such Subcontract Work.

Affidavit Of Tim Brown, Doc. #186, Ex. B; Docs. #186, 189, 192, 193, 199 ¶ 5; see also, e.g., Subcontract Agreement, Doc. #74, Ex. A.

-8-

or bond to secure payment of claims pursuant to the provisions of article 11 of chapter 60 of the Kansas Statutes Annotated, and amendments thereto."

On August 17, 2010, Lithko filed a motion for partial summary judgment on F&D's pay-if-paid defense. Lithko also sought summary judgment as to the principal amount of its claim against F&D. Doc. #73. On September 1, 2010, ARR filed a similar motion for partial summary judgment on F&D's pay-if-paid defense and the principal amount of its claim. Doc. #116. Although only Lithko and ARR filed motions for partial summary judgment, all plaintiffs agreed to join the two pending motions and be bound by Judge Belot's ruling on the motions. Doc. #127 at 4. In addition, Lithko, ARR and defendants stipulated that Brown had not received payment from Corbin Park for the outstanding payment applications of Lithko and ARR. Stipulation (Doc. #176) filed Jan. 4, 2011 at 3. The stipulation was limited to the motions for partial summary judgment by Lithko and ARR, and the parties reserved the right to contest the stipulated matters for purposes other than those motions. Id. at 1.

On January 26, 2011, Judge Belot issued an order which denied plaintiffs' motions for partial summary judgment. Doc. #177 at 9, 11. Based on the express language of Section 16-1803(c) and Article 11 of chapter 60 of the Kansas Statutes Annotated, Judge Belot held that the statutory limitation on pay-if-paid defenses "is not applicable to bar the defense of a paid-if-paid clause in the parties' contracts." Id. at 9. Judge Belot further held that as Brown's surety, F&D could assert the pay-if-paid clause as a defense in the same manner as Brown, the principal, could. Id. at 11.

Because plaintiffs cited no Tenth Circuit or Kansas law to support their argument, Judge Belot also rejected plaintiffs' argument that they could hold F&D liable, even if Brown was not liable under the subcontract. Id. In addition, Judge Belot refused to consider plaintiffs' belated legislative history

arguments.[6]

On February 22, 2001, defendants filed a motion for summary judgment on all subcontractor plaintiffs' claims. Doc. #185. Defendants argue that they are entitled to summary judgment because Judge Belot denied plaintiffs' motions for partial summary judgment and validated their pay-if-paid defense, and because Corbin Park has not paid Brown for subcontractor plaintiffs' work.

Of the 19 subcontractor plaintiffs against whom defendants seek summary judgment, four have not responded.[7] The remaining 15 filed responses to defendants' motion which ask the Court to reconsider Judge Belot's memorandum and order (Doc. #177) because (1) Judge Belot did not consider belated arguments regarding the legislative history of K.S.A. § 16-1803, Doc. #189 at 11-20,[8] and (2) Judge Belot did not make specific findings with respect to the bond at issue, Docs. #192 and 193 at 8-10. They also argue that a genuine issue of material fact may exist with respect to whether Corbin

---

[6]     In their reply in support of their motions for partial summary judgment, plaintiffs for the first time argued that the legislative history of Section 16-1803 supported their interpretation of the statute. Judge Belot did not consider these arguments because neither Lithko nor ARR explained why their original motions did not refer to the legislative history. He noted that the purpose of a reply "is not to allow the movant to raise arguments or cite authority which either could have been or should have been raised in the original motion." Doc. #177 at 1 n.1.

[7]     D&D Masonry, Inc., Great Plains Roofing and Sheet Metal, Inc., Aegis Fire Protection, LLC and Landworks, Inc. have not responded to the motion for summary judgment which defendants filed on February 22, 2011. Under D. Kan. Rule 6.1(d)(2), plaintiffs' responses were due March 15, 2011, 21 days after defendants filed and served their motion. Under D. Kan. Rule 7.4(b) "[a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum." Even so, a party's failure to respond to a summary judgment motion is not by itself a sufficient basis on which to enter judgment. Reed v. Bennett, 312 F.3d 1190, 1194-95 (10th Cir. 2002). Rather, the Court must determine whether judgment for the moving party is appropriate under Rule 56, Fed. R. Civ. P. Id. Therefore, for purposes of this order, the Court treats all plaintiffs together – those who have responded to defendants' motion and those who have not.

[8]     See also Doc. #199 (incorporating by reference arguments in joint response, Doc. #189); Doc. #193 at 10 (same); Doc. #192 at 10 (same).

-10-

Park has paid Brown for their work.  Docs. #192 and 193 at 5-7; Doc. #189 at 7-9.  The Court construes these responses as motions to reconsider under D. Kan. Rule 7.3(b).[9]

In addition, Lithko and ARR filed a motion to reconsider which O'Donnell & Sons joined. Docs. #191 & 197.  The motion for reconsideration incorporates all of the arguments contained in their original memorandum in opposition to defendants' motion for summary judgment and is offered simply as a procedural avenue for the Court to grant summary judgment in favor of Lithko and ARR if the Court denies defendants' motion for summary judgment.[10]

---

[9]     See Plaintiff McCorkendale Construction, Inc.'s Memorandum In Opposition To Defendants' Motion For Summary Judgment (Doc. #199) filed March 18, 2011; Plaintiff Tex-Plastering's Suggestions In Opposition To Defendants' Motion For Summary Judgment (Doc. #193) filed March 16, 2011; Plaintiff Tri-State Masonry's Suggestions In Opposition To Defendants' Motion For Summary Judgment (Doc. #192) filed March 15, 2011; Plaintiffs Heartland Masonry Inc.'s, Saladino Mechanical Company's, Arrowhead Services, Inc.'s, B&C Mechanical Services, LLC's, Wachter Electric Company's, Doing Steel Fabrication LLC's, ARR Roofing, LLC's, Faith Technologies, Inc.'s, Lithko Contracting, Inc.'s, Summit Concrete, LLC's And Central Plumbing, Heating & A/C, Inc.'s Memorandum In Opposition To Defendant's Motion For Summary Judgment (Doc. #189) filed March 14, 2011 at 10.

[10]     In his order, Judge Belot discouraged plaintiffs from filing a motion to reconsider and stated that if they chose to file such motion, they were not entitled to file a reply.  Doc. #177 at 12. Lithko and ARR filed a motion for reconsideration, Doc. #191, and filed a reply after defendants responded, Reply In Support Of Motion For Reconsideration By Lithko Contracting, Inc. And ARR Roofing, LLC (Doc. #209) filed April 11, 2011.  Defendants' move to strike the reply based on Judge Belot's admonition that "No reply shall be filed" with respect to any motion to reconsider.  Doc. #210.
D. Kan. Rule 7.1 provides that "[w]ithin the time provided in D. Kan. Rule 6.1(d), . . . . [t]he moving party may file and serve a written reply brief or memorandum."  Rule 12(f), Fed. R. Civ. P., governs motions to strike.  It provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Striking material from a pleading is a disfavored remedy, Nwakpuda v. Falley's, Inc., 14 F. Supp.2d 1213, 1215 (D. Kan. 1998), and the Court should decline to do so unless the allegations (1) have no possible relation to the controversy and (2) may prejudice one of the parties, Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp.2d 1022, 1029 (D. Kan. 2006).  Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike.  Nwakpuda, 14 F. Supp.2d at 1215.  The purpose of Rule 12(f) is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.  Stubbs v. McDonald's Corp., 224 F.R.D. 668, 676 (D.

(continued...)

As noted above, the pending motions turn on whether the Court will reconsider the memorandum and order which denied plaintiffs' motions for partial summary judgment and whether a genuine issue of material fact exists with respect to whether Brown has received payment from Corbin Park.

### Analysis

Defendants argue that they are entitled to summary judgment because (1) the Court has already held that Brown has a valid pay-if-paid defense and that F&D as Brown's surety can assert the pay-if-paid defense; and (2) Corbin Park has not paid Brown for any of the amounts claimed by subcontractor plaintiffs.  Subcontractor plaintiffs counter that (1) the Court should reconsider the ruling on defendants' pay-if-paid defense and (2) a genuine issue of material fact may exist as to whether Corbin Park paid Brown for subcontractor plaintiffs' work.

### I.      Plaintiffs' Motions To Reconsider Memorandum And Order (Doc. #177)

As noted above, the Court construes the subcontractor plaintiffs' responses to defendants' motion for summary judgment as motions to reconsider under D. Kan. Rule 7.3(b) and refers to them as such. The Court considers these motions to reconsider together with the motion to reconsider by Lithko and ARR (Doc. #191).  Subcontractor plaintiffs ask the Court to reconsider the order for two reasons: (1) Judge Belot's interpretation of Section 16-1803(c) is at odds with the legislative history of Section 16-1803, which Judge Belot wrongly refused to consider; and (2) Judge Belot did not make specific findings with respect to the bond at issue.

Under D. Kan. Rule 7.3(b), a party seeking reconsideration of a non-dispositive order must file a motion within 14 days after the order is filed, unless the court extends the time.  Here, Judge Belot

---

[10](...continued)
Kan. 2004).  Based on this standard, the Court overrules defendants' motion to strike plaintiffs' reply.

issued the memorandum and order on January 26, 2011 and plaintiffs did not file their request for reconsideration until 47 days later – on March 14, 2011.   Therefore, plaintiffs' request for reconsideration is untimley.

D. Kan. Rule 7.3(b) also provides three exclusive bases for a motion to reconsider: (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice.  Plaintiffs have not argued an intervening change in controlling law or availability of new evidence.  Therefore, their arguments must rely solely on the need to correct clear error or prevent manifest injustice.

A.    **Legislative History**

Plaintiffs argue that the Court should reconsider Judge Belot's order because he did not consider the legislative history of Section 16-1803.  As noted, because their original motions did not refer to legislative history and plaintiffs did not explain why they waited until their reply brief to raise the issue, Judge Belot expressly excluded legislative history arguments by Lithko and ARR.  Doc. #177 at 1 n.1.

This Court has repeatedly held that it will not consider new arguments in a party's reply brief. Cont'l Coal, Inc. v. Cunningham, 511 F. Supp.2d 1065, 1077 (D. Kan. 2007); Mondaine v. Am. Drug Stores, Inc., 408 F. Supp.2d 1169, 1203 (D. Kan. 2006); Thurston v. Page, 931 F. Supp. 765, 768 (D. Kan. 1996).   Therefore, Judge Belot's decision to exclude plaintiff's belated legislative history arguments was not clear error, and it did not create manifest injustice.[11]   The Court will not allow

---

[11]        Judge Belot based his interpretation of Section 16-1803(c) on the "express language" of the statute and he therefore did not need to consult legislative history.  Doc. #177 at 8; Lopez v. Dillard's Inc., 382 F. Supp.2d 1245, 1248 n.2 (D. Kan. 2005) (court need not resort to legislative history where statute plain and unambiguous); Polson v. Farmers Ins. Co., 288 Kan. 165, 168, 200 P.3d 1266, 1270 (2009) (when language of statute plain and unambiguous, court must give effect to that language rather than consult legislative history).

plaintiffs to use defendants' motion for summary judgment as an opportunity to make their strongest case on the issue of statutory interpretation.  <u>Voelkel</u>, 846 F. Supp. at 1483.  Their failure to raise legislative history arguments in their motion for summary judgment does not entitle them to a second chance in the form of a motion to reconsider.  <u>Cline v. S. Star Cent. Gas Pipeline, Inc.</u>, 370 F. Supp.2d 1130, 1132 (D. Kan. 2005).  The Court therefore overrules plaintiffs' motions to reconsider.

### B.    Specific Findings Regarding Bond

The motions for reconsideration of Tri-State Masonry and Tex-Plastering only implicate the need to correct clear error or prevent manifest injustice.  They argue that the Court should reconsider Judge Belot's order because he made no findings with respect to the bond at issue in this case.  They argue that such failure renders the order an advisory opinion with no direct applicability to this lawsuit.

In his order, Judge Belot directly addressed the arguments which Tri-State Masonry and Tex Plastering raise in their motions to reconsider.  The memorandum and order stated as follows:

> Lithko and ARR cite <u>Moore Bros. Co. v. Brown & Root, Inc.</u>, 207 F.3d 717, 721 (4th Cir. 2000) for support that the court can look to the bond agreement and hold the surety liable even if the principal is not liable under the subcontract.  However, plaintiffs do not cite any Tenth Circuit or Kansas law in support of their position and the court has found none through its own research.

Doc. #177 at 10-11.  Judge Belot also noted that Kansas law "supports defendants' position that a surety is only liable to the extent the principal is liable."  Doc. #177 at 11 (citing <u>U.S. ex rel. Davis Contracting, L.P. v. B.E.N. Const., Inc.</u>, No. 05-1219-MLB, 2007 WL 293915, *4 (D. Kan. Jan. 26, 2007)).  Judge Belot concluded that "F&D, as Brown's surety, may assert the pay-if-paid condition precedent as a defense in the same manner as Brown as the principal can," and it therefore overruled the partial motions for summary judgment by Lithko and ARR.  Doc. #177 at 11.

Tri-State Masonry and Tex-Plastering attempt to rehash old arguments and dress them up in

constitutional terms by labeling Judge Belot's opinion as an "advisory opinion." This argument affords

no basis for reconsideration and the Court therefore overrules the motion.

## II.      Summary Judgment On Declaratory Judgment Claims

Subcontractor plaintiffs seek a declaratory judgment that the conditional payment provisions in

their contracts with Brown are no defense to their payment bond claims. Because the Court declines

to reconsider Judge Belot's memorandum and order (Doc. #177), his decision stands – defendants have

a valid pay-if-paid defense under the conditional payment provisions in Brown's contracts with the

subcontractor plaintiffs. Doc. #177 at 9, 11. The Court therefore sustains defendants' motion for

summary judgment with respect to subcontractor plaintiffs' declaratory judgment claims based on Judge

Belot's ruling.

## III.     Summary Judgment On Breach Of Contract And Payment Bond Claims

Defendants argue that they are entitled to summary judgment because under the pay-if-paid

clause in the contracts between Brown and subcontractor plaintiffs, payment from Corbin Park is a

condition precedent to their duty to pay subcontractor plaintiffs, and Corbin Park has not paid Brown.

Plaintiffs assert that a genuine issue of material fact may exist in this regard. Plaintiffs argue that

because discovery has been stayed, they do not have sufficient information to respond to defendants'

statement that Corbin Park has not paid Brown for subcontractor plaintiffs' work.

Under Rule 56(d), Fed. R. Civ. P., responding subcontractor plaintiffs ask the Court to overrule

defendants' motion for summary judgment or to withhold ruling until they have had an opportunity to

conduct discovery with respect to whether (1) any principal, agent or employee of Brown suggested to

subcontractor plaintiffs that they should continue to perform work on the project because of the

existence of a bond and (2) Brown has received payment from Corbin Park for subcontractor plaintiffs'

-15-

work.[12]  Defendants reply that subcontractor plaintiffs should not need discovery regarding potential communications between them and Brown.  They also argue that  subcontractor plaintiffs had an opportunity (but declined) to conduct the discovery they now seek, and that they have stipulated that Brown has not received payment for their work from Corbin Park.

Rule 56(d), Fed. R. Civ. P., provides that if a nonmovant shows by affidavit or declaration that for specified reasons, it cannot present facts essential to justify its opposition to a motion for summary judgment, the Court may (1) defer considering the motion or deny it, (2) allow time to obtain affidavits or declarations or to take discovery or (3) issue any other appropriate order.  In the Tenth Circuit, a party seeking to defer a ruling on summary judgment under Rule 56(d) must provide an affidavit explaining why it cannot present facts that would preclude summary judgment.  Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd., 616 F.3d 1086, 1096 (10th Cir. 2010) (citing Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992)).  This includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment.  Id.; Comm. for the First Amendment, 962 F.2d at 1522; see also Price ex rel. Price v. W. Res., Inc., 232 F.3d 779, 783 (10th Cir.2000) (Rule 56(f) does not operate automatically; protections apply only if party satisfies requirements).

### A.    Nonresponding Subcontractor Plaintiffs

D&D Masonry, Inc., Great Plains Roofing and Sheet Metal, Inc., Aegis Fire Protection, LLC, and Landworks, Inc. have not responded to defendants' motion for summary judgment.  As noted above,

---

[12]      In their briefs, plaintiffs cite Rule 56(f).  Effective December 1, 2010, former Rule 56(f), with some minor stylistic changes, has been incorporated into Rule 56(d).

defendants have a valid pay-if-paid defense.  After reviewing the record, based on this defense, the Court finds no genuine issue of material fact that would defeat defendants' motion for summary judgment against them.  Rule 56(d) does not apply to these subcontractor plaintiffs because they have not submitted affidavits or declarations as required by the rule.  The Court therefore sustains defendants' motion for summary judgment with respect to D&D Masonry,  Great Plains Roofing and Sheet Metal, Aegis Fire Protection and Landworks.

**B.      Responding Subcontractor Plaintiffs**

Counsel for each responding subcontractor plaintiff has submitted a nearly identical affidavit which states that plaintiff has not had an opportunity to conduct discovery with respect to whether (1) any principal, agent or employee of Brown suggested to subcontractor plaintiffs that they should continue to perform work on the project because of the existence of a bond and (2) Brown has received payment for their work from Corbin Park.

1.      <u>Discovery Whether Brown Suggested That Plaintiffs Should Continue Working Because Of Bond</u>

To invoke Rule 56(d), Fed. R. Civ. P., each responding subcontractor plaintiff must give specified reasons why it cannot present "facts essential to justify its position."  Responding subcontractor plaintiffs argue that they need an opportunity to obtain discovery regarding whether Brown suggested that they continue working at Corbin Park because of the bond.  Responding subcontractor plainitffs have not, however, provided any reason why this discovery is "essential" to responding to defendants' motion for summary judgment.[13]  They also do not identify probable facts which are not available, <u>i.e.</u> that Brown did suggest that they keep working because of the bond.  Nor

---

[13]      Plaintiffs have provided no legal basis for their claim that this discovery is essential.

do they articulate any reason why they cannot assert the facts now. As defendants note, it is unclear why they would need discovery to ascertain representations which Brown made <u>to them</u>. Any such representations would be well within the knowledge of the officers or employees of subcontractor plaintiffs.[14] The purported need for discovery on this issue does not justify denying defendants' motion or withholding ruling under Rule 56(d), Fed. R. Civ. P.

> 2.     <u>Discovery Regarding Payments From Corbin Park To Brown</u>

Responding subcontractor plaintiffs argue that the Court should deny or withhold ruling on defendants' motion for summary judgment because they have not had an opportunity to conduct discovery with respect to whether Corbin Park has paid Brown for their work. Defendants argue that responding subcontractor plaintiffs have stipulated that Corbin Park has not paid Brown for their work and that responding contractor plaintiffs were given the opportunity to conduct the discovery which they now seek.

On January 4, 2011, Lithko, ARR, Brown and F&D stipulated that Brown had not received payment from Corbin Park for the work in the outstanding payment applications by Lithko and ARR. Doc. #176 ¶ 11. The parties to the stipulation expressly limited the stipulation to then-pending motions for partial summary judgment by Lithko and ARR. They also expressly "reserve[d] their right to contest

---

[14]     Indeed, Great Plains Roofing and Sheet Metal, Inc., Faith Technologies, Inc., Lithko, Summit Concrete, LLC, Doing Steel Fabrication, LLC, Wachter Electric Company, Heartland Masonry, Inc., ARR Roofing, Arrowhead Services, Inc., Saladino Plumbing and Heating Co., B&C Mechanical Services, LLC and Central Plumbing, Heating & A/C asserted in an unrelated brief that they "were not aware of the existence of the F&D/Brown payment bond until after their mechanic's liens were filed and the mechanic's lien enforcement action was underway," <u>i.e.</u> after their last day of work. <u>Subcontractors' Reply To BOA's Response To The Court's February 3, 2011 Memorandum And Order And Defendants' Joint Memorandum In Response To BOA's Response To The Court's February 3, 2011 Memorandum And Order</u> (Doc. #200) filed March 18, 2011.

the [stipulated] matters for purposes other than [those motions]," on which the Court has already ruled. Doc. #176 at 1.  Therefore, the stipulation is no longer binding.

Whether Corbin Park has paid Brown for subcontractor plaintiffs' work is a critical question: if Corbin Park has paid Brown, defendants must pay responding subcontractor plaintiffs, but if Corbin Park has not paid Brown, defendants have no duty to pay.  In addition, the record reflects that the stay of discovery may have prevented responding subcontractor plaintiffs from obtaining the most recent information with respect to whether Corbin Park has paid Brown for their work.[15]  Therefore, under Rule 56(d), Fed. R. Civ. P., the Court overrules defendants' motion for summary judgment.  No later than September 6, 2011, defendants shall file supplemental documents under Rule 26(e), Fed. R. Civ. P.  The Court also grants the subcontractor plaintiffs 60 days from the date of this order to conduct discovery on the limited question whether Corbin Park has paid Brown for subcontractor plaintiffs' work.

## IV.     Summary Judgment On Quantum Meruit Claims

Faith Technologies, Inc., Lithko and Summit Concrete, LLC allege quantum meruit claims against Brown.  Doc. #47, Counts II, V and VIII.  The briefing on defendants' motion for summary judgment does not address these claims.  In their memorandum in support of their motion for summary judgment, defendants state that "summary judgment is now appropriate to resolve all of the Subcontractors' claims."  Defendants' Memorandum In Support Of Motion For Summary Judgment (Doc. #186) filed February 22, 2011.[16]

---

[15]     Pursuant to Court order (Doc. #170), in December of 2010 and January of 2011, plaintiffs received limited discovery on whether Corbin Park had paid Brown for their work.  Because discovery has been stayed, defendants have not been subject to the ordinary requirement of supplemental disclosures under Rule 26(e), Fed. R. Civ. P.

[16]     Although no party squarely addressed the quantum meruit claims in the summary
(continued...)

Quantum meruit is a quasi-contractual remedy which does not arise when an enforceable express contract regulates the relations of the parties with respect to the disputed issue. Member Servs. Life Ins. Co. v. Am. Nat'l Bank & Trust Co. of Sapulpa, 130 F.3d 950, 957 (10th Cir. 1997). Courts are generally unwilling to resort to the doctrine of quantum meruit to override a contractual plan provision. See id. Faith Technologies, Lithko Contracting and Summit Concrete allege that their contracts with Brown are generally enforceable, but that the pay-if-paid provisions of those contracts do not provide Brown a valid defense to their claims. The pay-if-paid provisions of the contracts are the only provisions which these plaintiffs allege are unenforceable.[17] Judge Belot's memorandum and order (Doc. #177) upheld the pay-if-paid provisions in the contracts. Doc. #177 at 9. An enforceable express contract therefore regulates the relations of the parties with respect to the disputed issue and the quantum meruit claims cannot override the contract. See Member Servs. Life Ins. Co., 130 F.3d at 957. The Court therefore sustains defendants' motion for summary judgment with respect to the quantum meruit claims by Faith Technologies, Lithko Contracting and Summit Concrete.

**IT IS THEREFORE ORDERED** that subcontractor plaintiffs' responses to defendants' motion for summary judgment, which the Court construes as motions to reconsider Memorandum And Order (Doc. #177) filed January 26, 2011, be and hereby are **OVERRULED**.

---

[16](...continued)
judgment briefing, Faith Technologies, Lithko and Summit Concrete were on notice that defendants sought summary judgment on all of plaintiffs' claims. In addition, the record and the law are sufficiently clear on this point to grant summary judgment for defendants.

[17]     In their declaratory judgment claim against F&D, Faith Technologies, Lithko Contracting and Summit Concrete attack the pay-if-paid provision. They allege that the conditional payment provisions in the subcontracts are "no defense" to their payment bond claims and that other courts have held that pay-if-paid provisions in construction contracts are void as against public policy. They do not allege, however, that their contracts with Brown are otherwise unenforceable or void.

**IT IS FURTHER ORDERED** that the <u>Motion For Reconsideration Of Denial Of Summary Judgment Motions By Lithko Contracting, Inc. And ARR Roofing, LLC</u> (Doc. #191) filed March 15, 2011, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Defendants' Motion To Strike Plaintiffs Lithko Contracting, Inc. And ARR Roofing, LLC's Reply In Support Of Motion For Reconsideration (Doc. #209)</u> (Doc. #210) filed April 12, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Defendants' Motion For Summary Judgment</u> (Doc. #185) filed February 22, 2011 be and hereby is **SUSTAINED IN PART**.

The Court sustains defendants' motion for summary judgment with respect to Landworks, Inc. The Court sustains defendants' motion for summary judgment as to all subcontractor plaintiffs' declaratory judgment claims. Doc. #44, Count XVII; Doc. #47, Count X; Doc. #55, Count I; Doc. #56, Count II; Doc. #120, Count I. The Court also sustains defendants' motion for summary judgment as to payment bond claims by D&D Masonry, Inc., Doc. #44, Count VIII; Aegis Fire Protection, LLC, <u>id.</u>, Count XI; and Great Plains Roofing and Sheet Metal, Inc., Count I. Finally, the Court sustains defendants' motion for summary judgment with respect to quantum meruit claims by Faith Technologies, Inc., Doc. #47, Count II; Lithko Contracting, Inc., <u>id.</u>, Count V; and Summit Concrete, LLC, <u>id.</u>, Count VIII.

Under Fed. R. Civ. P. 56(d), the Court overrules defendants' motion for summary judgment with respect to payment bond claims by Wachter Electric Company, Doc. #44, Count I; Heartland Masonry, Inc., <u>id.</u>, Count II;  ARR d/b/a Boone Brothers Roofing; Aegis Fire Protection, LLC, <u>id.</u>, Count V; Doing Steel Fabrication, LLC d/b/a Doing Steel, <u>id.</u>, Count VI; Central Plumbing Heating & A.C., Inc., <u>id.</u>, Count VII; McCorkendale Construction, Inc., <u>id.</u>, Count IX; Arrowhead Services, Inc., <u>id.</u>,

Count XII;  Saladino Plumbing & Heating Company d/b/a Saladino Mechanical Company, id., Count XIII; B&C Mechanical Services, LLC, id., Count XVI; O'Donnell & Sons Construction Company, Inc., Doc. #55, Count II; Tex-Plastering, Inc., Doc. #120, Count II.  The Court also overrules defendants' motion for summary judgment with respect to breach of contract and payment bond claims by Tri-State Masonry, Inc., Doc. #44, Count XV; Faith Technologies, Inc., Doc. #47, Counts I and III; Lithko Contracting, Inc., id., Counts IV and VI; and Summit Concrete, LLC, id., Counts VII and IX.

**IT IS FURTHER ORDERED** that on or before September 6, 2011, defendants shall file supplemental documents under Rule 26(e), Fed. R. Civ. P.  Subcontractor plaintiffs shall have 60 days from the date of this order to conduct discovery on the limited question whether Corbin Park has paid Brown for subcontractor plaintiffs' work.

Dated this 25th day of August, 2011 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge