IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FAITH TECHNOLOGIES, INC., et al.,** )<br> ) <br>**Plaintiffs,** ) <br> ) <br>v. ) <br> ) <br>**THE FIDELITY & DEPOSIT COMPANY OF** ) <br>**MARYLAND and BROWN COMMERCIAL** ) <br>**CONSTRUCTION COMPANY, INC.,** ) <br> ) <br>**Defendants.** ) <br>_____) | CIVIL ACTION<br><br>No. 10-2375-KHV |

**MEMORANDUM AND ORDER**

This case arises from a shopping center development project gone bad. Plaintiffs, which are subcontractors, sub-subcontractors and suppliers for the project, bring suit for unpaid work on the shopping center against Brown Commercial Construction Company, Inc. ("Brown") and The Fidelity & Deposit Company of Maryland ("F&D"). Brown was the general contractor on the project and F&D was the insurer that issued payment and performance bonds for the project. The parties have vigorously disputed whether defendants owe plaintiffs for the unpaid work. In several rulings over the last two years, the Court has narrowed the questions at issue to one: whether the project developer, Corbin Park, L.P., has paid Brown for the subcontractor plaintiffs' work. This matter is before the Court on Defendants' Motion For Summary Judgment (Doc. #219) filed March 12, 2012. Because the parties agree that Brown has not received payment from Corbin Park for the amounts which plaintiffs claim, the Court sustains defendants' motion.

**Legal Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and

that the moving parties are entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993).  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."  Liberty Lobby, 477 U.S. at 248.  A "genuine" factual dispute requires more than a mere scintilla of evidence.  Id. at 252.

The moving parties bear the initial burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991).  Once the moving parties meet their burden, the burden shifts to the nonmoving parties to demonstrate that genuine issues remain for trial as to those dispositive matters for which they carry the burden of proof.  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  The nonmoving parties may not rest on their pleadings but must set forth specific facts.  Applied Genetics, 912 F.2d at 1241.

The Court views the record in the light most favorable to the nonmoving parties.  Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).  It may grant summary judgment if the nonmoving parties' evidence is merely colorable or is not significantly probative.  Liberty Lobby, 477 U.S. at 250-51.  In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial.  Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."

Liberty Lobby, 477 U.S. at 251-52.

## Procedural And Factual Background

The parties and the Court have repeatedly recited the relevant factual and procedural history of the case. Memorandum And Order (Doc. #212) filed August 25, 2011; Memorandum And Order (Doc. #206) filed March 29, 2011; Memorandum And Order (Doc. #181) filed February 3, 2011. Therefore the Court only briefly recaps the pertinent procedural history and facts.

As noted above, this case arose from a now-bankrupt shopping center development project. The development, known as Corbin Park Shopping Center, is on the southeast corner of 135th Street and Metcalf Avenue in Overland Park, Kansas. In October of 2008, Bank of America ("BOA") contracted with Corbin Park to fund the project. It stopped funding in July of 2009, before the project was completed. On January 5, 2010, Corbin Park, L.P., which owns the property, filed for bankruptcy. Plaintiffs are subcontractors, sub-subcontractors and suppliers who hold liens for unpaid work against the Corbin Park property. Brown served as general contractor on the project. As Brown's surety, F&D issued payment and performance bonds for the project.

Brown and F&D seek summary judgment against ARR Roofing, LLC d/b/a Boone Brothers Roofing, Aegis Fire Protection, LLC,[1] Arrowhead Services, Inc., B&C Mechanical Services, LLC, Central Plumbing Heating & A.C., Inc., Doing Steel Fabrication, LLC d/b/a Doing Steel, Faith Technologies, Inc., Heartland Masonry, Inc., Lithko Contracting, Inc., McCorkendale Construction, Inc.,

---

[1] The Court's previous order sustained defendants' motion for summary judgment on the payment bond claims of Aegis Fire Protection, LLC. Memorandum And Order (Doc. #212) at 21; see also id. at 16-17. Inadvertently, the Court later stated that it overruled defendants' motion for summary judgment on the payment bond claims of Aegis Fire Protection, LLC. Id. at 21. To clarify, the Court sustains defendants' motion for summary judgment on the payment bond claims of Aegis Fire Protection, LLC.

O'Donnell & Sons Construction Company, Inc., Saladino Plumbing & Heating Company d/b/a Saladino Mechanical Company, Summit Concrete, LLC, Tex-Plastering, Inc., Tri-State Masonry, Inc. and Wachter Electric Company.  Each of these plaintiffs has a payment bond claim against F&D.

Faith Technologies, Inc., Lithko Contracting, Inc., Summit Concrete, LLC and Tri-State Masonry, Inc. also have a claim for breach of contract against Brown.  Both claims involve the same theory of recovery – that Brown and F&D improperly failed or refused to pay them for work performed on the Corbin Park project.  See Amended Complaint (Doc. #44) filed August 3, 2010, Count XV (Tri-State Masonry, Inc.); Amended Complaint (Doc. #47) filed August 4, 2010, Counts I and III (Faith Technologies, Inc.), Counts IV and VI (Lithko Contracting, Inc.), Counts VII and IX (Summit Concrete, LLC).  These are plaintiffs' only remaining claims.  See Memorandum And Order (Doc. #212).

The Court has twice rejected plaintiffs' arguments that defendants have no valid pay-if-paid defense.  Memorandum And Order (Doc. #212); Memorandum And Order (Doc. #177) filed January 26, 2011.  The only remaining question is whether Corbin Park has paid Brown for subcontractor plaintiffs' work.  On August 25, 2012, the Court overruled defendants' motion for summary judgment on remaining plaintiffs' payment bond and breach of contract claims in order to give plaintiffs additional time to "conduct discovery on the limited question whether Corbin Park has paid Brown for subcontractor plaintiffs' work."  Memorandum And Order (Doc. #212) at 22.

Plaintiffs do not controvert any of the factual contentions in defendants' motion.  Plaintiffs' Memorandum In Opposition To Defendants' Second Motion For Summary Judgment (Doc. #230) filed April 16, 2012.  It is uncontroverted that "Brown has not received payment from Corbin Park for the amounts claimed in the subcontractors' payment bond claims."  Defendants' Memorandum In Support Of Motion For Summary Judgment (Doc. #220) filed March 12, 2012 ¶ 93.

**Analysis**

Defendants argue that they are entitled to summary judgment because (1) the Court has already held that Brown has a valid pay-if-paid defense and that F&D as Brown's surety can assert the defense; and (2) Corbin Park has not paid Brown for any of the amounts claimed by subcontractor plaintiffs. In response, subcontractor plaintiffs rehash old legal arguments, asking the Court to reconsider previous arguments the Court has already rejected, Memorandum And Order (Doc. #177), and declined to reconsider, Memorandum And Order (Doc. #212).

Nearly two years ago, U.S. District Judge Monti L. Belot held that both Brown and F&D had a valid pay-if-paid defense to plaintiffs' claims. Memorandum And Order (Doc. #177) filed January 26, 2011. Roughly one year ago, the undersigned judge declined to reconsider Judge Belot's order. Memorandum And Order (Doc. #212) filed August 25, 2012. The Court has specifically stated that the only remaining question is whether Corbin Park has paid Brown for subcontractor plaintiffs' work. Because plaintiffs concede that Brown has not received payment from Corbin Park for the amounts which plaintiffs claim, defendants are entitled to summary judgment based on the Court's previous orders. The Court therefore sustains defendants' motion for summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' Motion For Summary Judgment (Doc. #219) filed March 12, 2012 be and hereby is **SUSTAINED**.

The Court therefore grants summary judgment to Brown Commercial Construction Company and The Fidelity & Deposit Company of Maryland on payment bond claims brought by the following plaintiffs: ARR Roofing, LLC d/b/a Boone Brothers Roofing, Aegis Fire Protection, LLC, Arrowhead Services, Inc., B&C Mechanical Services, LLC, Central Plumbing Heating & A.C., Inc., Doing Steel Fabrication, LLC d/b/a Doing Steel, Faith Technologies, Inc., Heartland Masonry, Inc., Lithko

Contracting, Inc., McCorkendale Construction, Inc., O'Donnell & Sons Construction Company, Inc., Saladino Plumbing & Heating Company d/b/a Saladino Mechanical Company, Summit Concrete, LLC, Tex-Plastering, Inc., Tri-State Masonry, Inc. and Wachter Electric Company.

The Court also grants summary judgment to Brown Commercial Construction Company and The Fidelity & Deposit Company of Maryland on breach of contract claims brought by the following plaintiffs: Faith Technologies, Inc., Lithko Contracting, Inc., Summit Concrete, LLC and Tri-State Masonry, Inc.

**IT IS FURTHER ORDERED** that, in light of this order, **on or before October 5, 2012, the parties shall file a status report which lists any remaining plaintiffs, their claims and the parties' plan for resolving any remaining claims**.

Dated this 27th day of September, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
